UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOSHUA CARPENTER,**

      **Petitioner,**

  v. :

**WARDEN, CHILLICOTHE CORRECTIONAL INSTITUTION,**

      **Respondent.**

Case No. 2:23-cv-425
**Chief Judge Sarah D. Morrison**
**Magistrate Judge Elizabeth A. Preston Deavers**

## ORDER

This matter is before the Court on the Report and Recommendation issued by the Magistrate Judge on April 18, 2024. (R&R, ECF No. 7.) The Magistrate Judge recommended that the Court deny Joshua Carpenter's Petition for a Writ of Habeas Corpus (ECF No. 1) and dismiss the action with prejudice. (*Id*.) Mr. Carpenter[1] timely objected. (Objs., ECF No. 8.)

For the reasons set forth below, the Court **ADOPTS** and **AFFIRMS** the Report and Recommendation (ECF No. 7), and this action is **DISMISSED**.

---

[1] Mr. Carpenter's legal name is Brittany Leanna Carpenter. (ECF No. 4-4, PAGEID # 1303–04.) Mr. Carpenter testified at trial that he transitioned back to a man and preferred to be referred to as Joshua Carpenter. (*Id*.) Mr. Carpenter's counsel uses male pronouns when referencing his client in brief. (*See, e.g.*, ECF No. 8.) For these reasons, the Court will refer to Petitioner as Mr. Carpenter and will use male pronouns where required.

I. BACKGROUND

In July 2018, an Ohio grand jury indicted Mr. Carpenter on three counts of rape of A.C. and three counts of rape of G.B., both of whom were between five and nine years of age. (ECF No. 4, PAGEID # 26–28.) The indictment included a "sexually violent predator" specification. *Id.* The case went to trial in April 2019 and culminated in a jury verdict against Mr. Carpenter on all counts. (ECF No. 4-4, PAGEID # 1551–53.) The jury also found him to be a sexually violent predator. (ECF No. 4-5, PAGEID # 1615.) Mr. Carpenter was sentenced to a mandatory term of life imprisonment without the possibility of parole and was required to register as a Tier III sex offender. (*Id.*, PAGEID # 1625–26.)

Mr. Carpenter appealed to the Seventh District Court of Appeals and raised three assignments of error, including, as relevant here, that he was denied the effective assistance of counsel. (ECF No. 4, PAGEID # 47–55, 59.) The state appellate court affirmed his conviction and sentence, and the Supreme Court of Ohio declined to exercise jurisdiction to review that decision. (*Id.*, PAGEID # 152–71, 211.) During this time, Mr. Carpenter also unsuccessfully petitioned for post-conviction relief from the trial court. (*Id.*, PAGEID # 282–300.) The Court of Appeals affirmed the denial of his petition, and the Ohio Supreme Court again declined jurisdiction. (*Id.*, PAGEID # 401–424, 467.)

In January 2023, Mr. Carpenter filed the instant federal habeas petition, raising as his sole claim for relief an ineffective assistance of counsel claim. (ECF No. 1, PAGEID # 5.) Upon review, the Magistrate Judge issued a Report and

2

Recommendation recommending that this Court deny Mr. Carpenter's Petition. (R&R, PAGEID # 1679.) Mr. Carpenter objects. (Objs., *generally*.)

## II. STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. ANALYSIS

Mr. Carpenter raises two instances of ineffective assistance of trial counsel as a basis for habeas corpus relief. First, he argues that his trial counsel failed to object to the testimony of three prosecution witnesses even though the prosecutor did not provide adequate expert disclosures as required by Ohio Rule of Criminal Procedure 16(K). (ECF No. 1, PAGEID # 5.) Second, he asserts that his counsel failed to adequately cross-examine Police Chief Chuck Hamilton, a prosecution witness. (*Id.*)

The Magistrate Judge concluded that Mr. Carpenter failed to show that the Ohio appellate court's application of the test for ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), was unreasonable. (R&R, PAGEID # 1692, 1694.) As to the expert witness issue, the Magistrate Judge found:

> However, it was not objectively unreasonable for the Court of Appeals to conclude that Carpenter was not prejudiced by his counsel's failure to object. The record contains detailed testimony from A.C. and G.B.

3

> describing the sexual abuse perpetrated by Carpenter. The record contains corroborating testimony from the adults to whom A.C. and G.B. disclosed the abuse, including the girls' mothers, a school counselor, police officers, and social workers. It also contains two video-taped forensic interviews of G.B. Given the inculpatory nature of other testimony offered at trial, the Court cannot say that it was objectively unreasonable for the Court of Appeals to conclude that Carpenter was not prejudiced because the outcome of the trial was not impacted by his counsel's failure to object to the experts' testimony.

(*Id.*, PAGEID # 1691–92 (internal citations omitted).) Similarly, with respect to the cross-examination issue, the Magistrate Judge reasoned:

> To the extent that the state's direct examination of Chief Hamilton left the jury with the impression that Carpenter did not deny the allegations of sexual abuse, it was misleading. However, as pointed out by the Court of Appeals, any misunderstanding was mitigated by Carpenter's testimony about his statements during the police interview. In any event, as mentioned above, Carpenter cannot demonstrate that he was prejudiced by any deficient performance by his counsel because he cannot overcome the overwhelming evidence of guilt that was introduced by the state. For these reasons, the Court cannot say that it was objectively unreasonable for the Court of Appeals to dismiss Carpenter's claim that his counsel was ineffective for inadequately cross-examining Chief Hamilton.

(*Id.*, PAGEID # 1694.)

Mr. Carpenter objects to the Magistrate Judge's finding that the Ohio appellate court did not unreasonably apply *Strickland*. (Objs., PAGEID # 1699.) Specifically, he disagrees with the Magistrate Judge's conclusion that "overwhelming evidence of guilt … introduced by the state" (exclusive of the challenged testimony of the three expert witnesses and Chief Hamilton) prevented him from demonstrating he was prejudiced by any deficient performance of counsel. (*Id.*, PAGEID # 1699, 1701.) Instead, he insists that the evidence properly considered by the jury consisted only of his testimony versus that of the victims and,

4

for this reason, was not sufficiently "overwhelming" to preclude a finding of prejudice. (*Id.*, PAGEID # 1699.)

The Court finds no error in the Magistrate Judge's conclusions or reasoning. As the Magistrate Judge correctly observed, "*Strickland* requires deference to counsel and AEDPA requires deference to the state court." (R&R, PAGEID # 1688 (citation omitted).) The question is not whether trial counsel was ineffective but rather "whether the state court's application of the Strickland standard was unreasonable." (*Id.* (citation omitted).) This "difficult to meet" standard requires more than merely the conclusion that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. *Harrington v. Richter*, 562 U.S. 86, 102 (2011); *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000).

Thus, the only question in this case is whether the Ohio appellate court applied the *Strickland* standard reasonably in concluding that Mr. Carpenter's counsel's decisions with respect to the three expert witnesses and Chief Hamilton were constitutionally sufficient. The Magistrate Judge answered this question in the affirmative (R&R, PAGEID # 1692, 1694), and the Court agrees. Mr. Carpenter has not met the high bar necessary to show that it was unreasonable for the Ohio appellate court to determine that he was not prejudiced by the testimony at issue.

In response, Mr. Carpenter analogizes his case to the facts underlying two Sixth Circuit opinions in which the court found the *Strickland* prejudice prong satisfied. (Objs., PAGEID # 1700–01 (citing *Hodge v. Hurley*, 426 F.3d 368 (6th Cir.

5

2005), and *Ramonez v. Berghuis*, 490 F.3d 482, 491 (6th Cir. 2007)).) His reliance on these cases is unavailing.

In *Hodge*, the court recognized that the prosecution had engaged in "egregious," "patently improper" misconduct, including misrepresenting facts in evidence and commenting on witness credibility during closing argument. *Hodge*, 426 F.3d at 37–78. Because this misconduct casted the defendant in a negative light, the court held that it was "particularly likely" to prejudicially affect the jury's verdict, which depended primarily on whether the defendant was more credible than the victim due to the lack of physical evidence. *Id.* at 386.

Here, Mr. Carpenter argues that without the testimony of the three expert witnesses and Chief Hamilton, his case also hinged on the jury's credibility determination such that the outcome may have been different. (Objs., PAGEID # 1700.) But the testimony at issue here differs from the "derogatory statements and bad-character arguments" by counsel that the *Hodge* court found to be "particularly likely to be prejudicial." *Hodge*, 426 F.3d at 388. The three expert witnesses primarily testified about the results of their examinations or interviews of the victims and opined on general facts about the signs of child sexual abuse to characterize the victims' physical health and behaviors as indicators of abuse. (ECF No. 4-2, PAGEID # 1138–56, 1176–1201, 1222–41.) And to the extent Chief Hamilton's testimony was misleading, Mr. Carpenter testified at trial, and the jury heard his version of the story. (ECF No. 4, PAGEID # 421.) Unlike the defendant in *Hodges*, Mr. Carpenter has not established that the Ohio appellate court was

6

unreasonable in finding that the outcome of the trial was not impacted by his counsel's failure to object to this evidence and testimony, particularly considering the strength of the evidence properly considered, such as the video forensic interviews of one of the victims and both victims' detailed descriptions of their abuse. (*See, e.g.*, ECF No. 4-1, PAGEID # 755–840; ECF No. 4-2, PAGEID # 904–941, 1065, 1139.)

The same is true for *Ramonez*, in which the court concluded that prejudice had occurred (and that the state court's contrary finding was unreasonable) because the trial would have looked significantly different with the addition of the potential defense witnesses whom defense counsel had neglected to interview or call to testify. *Ramonez,* 490 F.3d at 491. But the *Ramonez* court observed that the witnesses would have given testimony that was "obviously helpful" and that "would have benefitted [the] defense materially," such as "evidence as to permission to enter the premises [going] directly toward negating the 'breaking and entering' element of the [ ] crime of which [the defendant] was ultimately convicted." *Id.* at 489. Here, as discussed above, the testimony that Mr. Carpenter challenges does not rise to this level of obvious helpfulness.

Thus, the Magistrate Judge appropriately refused to "say that it was objectively unreasonable for the Court of Appeals to conclude that Carpenter was not prejudiced because the outcome of the trial was not impacted by his counsel's failure to object" to the testimony at issue. (R&R, PAGEID # 1692, 1694.)

7

## IV. CONCLUSION

Mr. Carpenter's Objections (ECF No. 8) are **OVERRULED**. The Court **ADOPTS** and **AFFIRMS** the Magistrate Judge's Report and Recommendation (ECF No. 7). The Court **DECLINES** to issue a certificate of appealability, as an appeal of this Order would not be taken in good faith.

This action is **DISMISSED**. The Clerk is **DIRECTED** to **TERMINATE** this case from the docket of the United States District Court for the Southern District of Ohio.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**CHIEF UNITED STATES DISTRICT JUDGE**